UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 05-311(RMU) |
| ) | |
| v. ) | |
| ) | |
| DAMIEN JONES ) | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Damien Jones, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial all evidence seized by law enforcement agents as the fruit of an illegal stop, search, and arrest. The evidence which was recovered on August 6, 2005 should be suppressed as it was seized in violation of Mr. Jones' rights under the Fourth Amendment of the Constitution. The motion to suppress is made pursuant to Fed. R. Crim. P. 12(b)(3) and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.[1]

**BACKGROUND**

**1.    Procedural Background**

On August 6, 2005 Mr. Jones was arrested and charged by criminal complaint, pursuant to the District of Columbia Criminal Code, with carrying a pistol without a license and three traffic violations. On account of his prior criminal record Mr. Jones was prosecuted federally. Mr. Jones was subsequently indicted by a Federal Grand Jury and charged with violating 18 U.S.C. § 922(g)(1)

---

[1]   In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Jones's right to later supplement this motion and/or file additional motions which may be appropriate in his case.

**Factual Background**

According to the Preliminary Hearing, PD 163 and criminal complaint Patrol Officer Ezequiel Vazquez, while on evening patrol in the area of the 3700 Block of Hayes St., NE, observed a Gray Chevy Caprice Station Wagon being driven the wrong way on a one way street. Officer Vazquez further alleged that he observed that the driver was not wearing his seatbelt. Based on those observations, Officer Vazquez conducted a traffic stop. It is undisputed that Mr. Jones stopped the vehicle without incident. Immediately after stopping the car, Officer Vazquez called dispatch to relay the make and license plate of the car to determine whether the car was stolen. Dispatch reported that the car was not stolen. While Officer Vazquez was in contact with dispatch, Mr. Jones sat in his car without gesturing or moving in such a way to arouse the officer's suspicion.

After dispatch cleared the car Officer Vazquez approached Mr. Jones. In response to the request for a driver's license, Mr. Jones provided a Maryland Identification Card and a Maryland License. While he walked over to Mr. Jones, Officer Vazquez alleged that Mr. Jones "appeared to be very nervous and was sweating profusely." Mr. Jones supposedly also placed his hands in his waist area and reached toward the center console of the car. As a result of those movements, Mr. Jones was ordered out of the car. A search of the center console resulted in the recovery of a loaded Smith and Wesson .44 Magnum.

## ARGUMENT

1. **The Physical Evidence Seized on August 6, 2005 Must Be Suppressed Because it was Seized Pursuant to an Illegal Stop and Search**

The Fourth Amendment requires that all searches and seizures, including seizures of the person, be "reasonable." There are limited circumstances that allow an officer to seize a vehicle and

search its passenger compartment without a warrant, including (1) when the officer has probable cause to arrest individuals within the automobile itself, see New York v. Belton, 453 U.S. 454, 460-61 (1981); (2) when the officer has probable cause to believe that contraband or evidence of a crime is contained within the passenger compartment, see United States v. Ross, 456 U.S. 798, 809 (1982); and/or (3) when the officer has reasonable suspicion to conduct an investigative stop and reasonable suspicion to believe that individuals in the car are presently armed and dangerous, see Michigan v. Long, 463 U.S. 1032, 1053 (1983). The government, not the defendant, bears the burden of demonstrating by a preponderance of the evidence the constitutionality of the stop and search. See Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983)

     A seizure occurs when a suspect submits to a show of authority by a law enforcement officer. California v. Hodari D, 499 U.S. 621, 626 (1991). A seizure exists when a reasonable person in the defendant's position would not feel free to leave. United States v. Mendenhall, 446 U.S. 544, 554 (1980). Probable cause to arrest exists when there are "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Michigan v. DeFillipo, 443 U.S. 31, 37 (1979) (citations omitted). Absent probable cause to arrest, officers may conduct an investigative stop of an automobile only if those officers have a reasonable suspicion, grounded in articulable facts, that individuals in the vehicle are engaged in criminal activity. Long, 463 U.S. at 1048-49.

     In order to conduct a limited, protective search of the stopped automobile, an officer must have a reasonable belief, based on articulable facts, that those individuals "may be armed and presently dangerous." Id. "While 'reasonable suspicion' is a less demanding standard than probable

3

cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989)).

At a hearing, the government will be unable to show that Officer Vazqiez had reasonable articulable suspicion to order Mr. Jones out of his vehicle and then to conduct a warrantless search of the vehicle. The evidence will show that Officer Vazquez had no reasonable suspicion based on articulable facts to believe that Mr. Jones had committed or was committing a crime at the time of the investigation. Nor could Officer Vazquez suggest that somehow the vehicle that the officers approached was used in connection to criminal activity. The evidence will show that when Officer Vazquez approached the person sitting in the gray caprice stationwagon, the driver complied with all the requests of the officer, and that the car had not been reported stolen. Accordingly, the physical evidence recovered on August 8, 2005, should be suppressed as the fruit of an illegal seizure. See Wong Sun v. United States, 371 U.S. 471 (1963).

For the foregoing reasons, defendant Damien Jones requests this Court to suppress the Smith and Wesson firearm that was recovered from the Chevy Caprice that Mr. Jones was driving on August 8, 2005.

Respectfully submitted,

A.J. Kramer
Federal Public Defender

_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500