UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Crim. No. 05-311(RMU) |
| DAMIEN JONES | ) ) ) ) | |

### DEFENDANT DAMIEN JONES' MOTION TO MODIFY BOND

Undersigned counsel, respectfully moves the Court to Modify defendants', Damien Jones' Bond Status and order his release into the electronic home monitoring program administered by the High Intensity Supervision Program of Pre-Trial Services.

As grounds for this motion, counsel states:

1. On August 6, 2005 Mr. Jones was arrested by members of the Metropolitan Police Department and charged in a complaint pursuant to the District of Columbia Criminal Code with Carrying a Pistol Without a License. On August 8, 2005 Mr. Jones was presented before Magistrate Judge Alan Kay and charged with a violation of 18 U.S.C. 922(g)(1). In response to the Government's request for temporary detention, Mr. Jones was ordered held without bond until his detention hearing which was scheduled for August 10, 2005.

2. On August 10, 2005 Mr. Jones appeared before Magistrate Judge Kay for a consolidated detention/preliminary hearing. The hearing consisted of the government calling one witness. The defense did not present any evidence. At the conclusion of the hearing the Court found probable cause that the Mr. Jones had committed the charged offense. The government renewed its

request for pre-trial detention. Magistrate Judge Kay declined to incarcerate Mr. Jones and instead ordered Mr. Jones to a Community Corrections Center with work privileges. The Court made its ruling in part based on Mr. Jones documented employment history that was provided by his mother.

3. As of today's date, September 12th, over a month has transpired and Mr. Jones is still incarcerated at the District of Columbia Jail. Mr. Jones was arraigned before this Court on August 25, 2005 at which time he entered a plea of not guilty to the one count indictment. At the Arraignment Hearing stand in counsel, Ms, Lara Quint, did not raise Mr. Jones' bond status based on the belief that his transfer to the Community Corrections Center was going to take place within a reasonable period of time. Unfortunately, based on information provided by the District of Columbia Records Department, per Mr. Lewis Shedrock, it doesn't appear that Mr. Jones' transfer will take place in the immediate future. Mr. Jones' name did not appear on the short list for inmates waiting to be transferred to a Community Corrections Center.

4. The pre-trial bail report confirms that Mr. Jones has previously been on Court Supervision in the State of Maryland. On both occasions Mr. Jones successfully completed his periods of probation. Mr. Jones is requesting that he be released to the High Intensity Supervision Program of Pre-Trial Services and placed under 24 hours electronic home monitoring with work privileges. Mr. Jones can live with his mother, Shirley Jones, who has indicated that she will make the necessary phone arrangements in order to have her son electronically supervised from her house.

5. Undersigned left a voice message for the assigned Assistant United States Attorney, Tonya Sulia, regarding the instant motion to modify Mr. Jones' bond. Undersigned does not know the Government's position regarding Mr. Jones' request to modify bond.

6. For the foregoing reasons, Mr. Jones respectfully requests the Court to grant his

Motion to Modify bond and place him in the High Intensity Supervision Program of Pre-Trial Services

                                      Respectfully submitted,

                                      A.J. Kramer
                                      Federal Public Defender

                                      _____/s/_____
                                      Carlos J. Vanegas
                                      Assistant Federal Public Defender
                                      625 Indiana Ave., N.W., Suite 550
                                      Washington, D.C.  20004
                                      (202) 208-7500