UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | |
| | | Criminal No. 05-311 (RMU) |
| **DAMIEN JONES,** | : | |
| **Defendant.** | : | |

GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO MODIFY BOND

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's Motion to Modify Bond. As grounds for its opposition, the government states the following:

1. The defendant was indicted on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable for a Term Exceeding One Year, in violation of 18 U.S.C. §922(g)(1).

2. On August 10, 2005, a pretrial detention hearing was held before United States Magistrate Judge Kay. Magistrate Judge Kay denied the government's request to hold the defendant without bond, and instead placed the defendant on work release.

3. Title 18 U.S.C. § 3142(c) provides that

> if [a] judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person
>
> (B) subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community.

4. In this case, Magistrate Judge Kay determined that work release was the least restrictive condition of release that would reasonably assure the appearance of the defendant and the safety of the community. Magistrate Judge Kay made this decision after hearing testimony about the defendant's involvement in the instant offense, and after reviewing defendant's information contained in the Pretrial Services Report prepared in this case.

5. Since the time that the defendant was ordered into work release on August 10, 2005, there have been no changes with respect to the facts of the case, or to the defendant's criminal history. Therefore, there is no reason to upset Magistrate Judge Kay's determination that work release is the least restrictive condition of release that would reasonably assure the appearance of the defendant or the safety of the community.

6. The government recognizes that the defendant may have to remain detained at the D.C. Jail until a space becomes available at the Community Corrections Center. However, this detention will be temporary. Because the detention will only be temporary, and because Magistrate Judge Kay has already determined that defendant's placement in a halfway house is an appropriate condition of release in this case, the government respectfully requests that the Court deny defendant's motion to modify bond.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney

BY: _____
TONYA SULIA
Assistant United States Attorney
555 4th Street, N.W. Room 4243
Washington, D.C. 20530
(202) 305-2195