UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Crim. No. 05-311(RMU) |
| DAMIEN JONES | ) | |

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S REQUEST TO ADMIT EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 609**

Defendant Damien Jones, through undersigned counsel, respectfully requests this Court to deny the government's Motion to Admit Evidence Pursuant to Federal Rule of Evidence 609.

**BACKGROUND**

**1.    Procedural Background**

On August 6, 2005 Mr. Jones was arrested and charged by criminal complaint, pursuant to the District of Columbia Criminal Code, with carrying a pistol without a license and three traffic violations. On account of his prior criminal record Mr. Jones was prosecuted federally. Mr. Jones was subsequently indicted by a Federal Grand Jury and charged with violating 18 U.S.C. § 922(g)(1) On August 31, 2005 the government submitted its motion to admit evidence pursuant to FRE 609.

**II.    THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO ADMIT EVIDENCE OF MR. JONES' PRIOR CONVICTIONS PURSUANT TO FRE 609**

The government may not impeach a witness with evidence of a prior conviction unless (1) the conviction is a crime involving dishonesty or false statement, see Fed. R. Evid. 609(a)(2), or (2) the conviction is a felony and the probative value of the conviction on the question of credibility outweighs the prejudicial effect to the accused, see Fed. R. Evid. 609(a)(1). While true that all

felony convictions are probative of truthfulness to some degree, see United States v. Lipscomb, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (en banc), it is also true that "when a defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much." Id.  The prejudice is especially great when the witness being impeached is the defendant himself.  Lipscomb, 702 F.2d at 1063.

In deciding whether the probative value outweighs the prejudicial impact, the Court must "carefully and thoughtfully consider the information before it" and make sure that the balancing does "not become a ritual leading inexorably to admitting the prior conviction into evidence." Id. at 1063. As a result, the Court may look at the underlying facts of the prior conviction to determine (1) the degree to which the prior conviction is probative of truthfulness, and (2) whether the prejudicial impact of that conviction outweighs its probative value.  Id. at 1068.

Convictions for Possession with Intent to Distribution CDS and Assault (reckless endangerment), are not offenses that, by their nature, involves deception or stealth.  See United States v. Lewis, 626 F.2d 940, 946 (D.C. Cir. 1980) (holding that heroin distribution is not a crime involving dishonesty or false statement).  Hence, whatever probative value Mr. Jones' prior convictions may have is based, only, in the generic inference that commission of a felony – any felony – demonstrates a conscious disregard for the law.  Id. at 1071.  The inference that a person who has previously broken the law will be more likely on a subsequent occasion to disregard his oath is weak at best.

The weak probative value of Mr. Jones' prior convictions stand in stark contrast to the likely prejudicial impact.  Even with a limiting instruction, there exists a grave danger that jurors in Mr. Harris's case will lower the bar for conviction or scrutinize the facts in a less demanding way because they do not fear convicting an "innocent" man.  Even worse, jurors may use this case as a

pretext to punish Mr. Jones for his previous behavior or to ensure that a perceived drug dealer, and a violent one at that, is not released into the community.

Moreover, even with a limiting instruction, jurors will have a difficult time resisting the natural human impulse to make the impermissible inference that someone who has previously committed a crime is more likely to commit other crimes in the future. Indeed, the assumption that a limiting instruction can overcome the prejudicial effects of such evidence is "'unmitigated fiction,'" which "require[s] the jury to perform 'a mental gymnastic which is beyond, not only their powers, but anybody else's.'" Lipscomb, 702 F.2d at 1062 (quoting Krulewitch v. United States, 336 U.S. 440, 453 (1949) (Jackson, J., concurring), and Nash v. United States, 54 F.2d 1006, 1007 (2d Cir. 1932) (L. Hand, J.)).

Given the nature of Mr. Jones' prior convictions for Possession with Intent to Distribute CDS and Assault (reckless endangerment), the inevitable prejudicial impact clearly outweighs any probative value the evidence might have regarding Mr. Jones' credibility.

**CONCLUSION**

For the foregoing reasons, and any additional reasons adduced at a hearing, this Court should deny the government's motion seeking admission of evidence pursuant to Federal Rules of Evidence 609

    Respectfully submitted,
    A.J. KRAMER
    FEDERAL PUBLIC DEFENDER


    Carlos J. Vanegas
    Assistant Federal Public Defender
    625 Indiana Avenue, N.W.
    Washington, D.C. 20004
    (202) 208-7500