**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.  05-311 (RMU)** |
| | : | |
| **v.** | : | |
| | : | |
| **DAMIEN JONES,** | : | |
| **defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO**
**DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE**

The United States, by and through its attorney, the United States Attorney for the District

of Columbia, submits this opposition to defendant's Motion to Suppress Physical Evidence.[1]

The government relies upon the points and authorities set out in this memorandum and at any

hearing on this matter.

**FACTS:**

On August 6, 2005 at approximately 11:45 p.m., Metropolitan Police Department

("MPD") Officer Ezequiel Vasquez was on routine patrol in the are of the xxxx block of xxxxx

xxxxxx, x.x., Washington, DC, a high crime area of the city.  While on patrol, Officer Vasquez

observed a gray Chevy Caprice traveling in the wrong direction down a one-way street.  The

officer also observed that the driver of the vehicle, defendant Damien Jones, was not wearing a

seatbelt.  Because of the traffic violations that he observed, Officer Vasquez conducted a traffic

stop.  Before Officer Vasquez got out of his marked scout car, the defendant got out of his car,

and began approaching Officer Vasquez.  Officer Vasquez ordered the defendant to get back into

his car.  The defendant got back into the driver's seat, and left the driver's side door open.

---

[1] Defendant's motion is entitled "Defendant's Motion to Suppress Physical Evidence and
Statements."  However, defendant does not refer to any statements that he seeks to suppress, and
does not make any arguments regarding suppression of statements.  Therefore, the government
will treat defendant's motion as a motion to suppress physical evidence only.

Officer Vasquez asked the defendant if he had a license, and defendant said that he did. The defendant then handed the officer a Maryland identification card, not a driver's license. Officer Vasquez then asked the defendant for his registration. The defendant provided the officer with a receipt for the car, but no registration. During the encounter with the officer, the defendant appeared to be very nervous, and was sweating profusely. Officer Vasquez also observed the defendant placing his hands near his waistband area, and reaching toward the center console of the vehicle. For his safety, Officer Vasquez decided to remove the defendant from the vehicle. Because he believed that the defendant had a weapon, the officer searched the passenger compartment of the vehicle. Underneath the center console, Officer Vasquez discovered a .44 caliber Smith and Wesson handgun, loaded with six rounds. The defendant was placed under arrest. At the Sixth District station, Officer Vasquez ran a WALES check and learned that the defendant's Maryland driver's license had been suspended.

Defendant has now filed a motion to suppress tangible evidence, the Smith and Wesson revolver which was recovered from the car. Defendant argues that evidence was seized in violation of his Fourth Amendment rights.

**ARGUMENT:**

**I. The Officer had Reasonable Suspicion to Conduct a Traffic Stop and to Order Defendant Out of the Car**

Defendant's motion is without merit and should be denied. Terry v. Ohio, 392 U.S. 1, 20 (1968) permits police officers to temporarily "seize" a person under certain circumstances, namely in brief encounters between a citizen and the police on public streets, which require swift action because of observations the officer has made. The officer may briefly "seize," or detain

the citizen if he has a reasonable, articulable suspicion that "criminal activity may be afoot." Id.

at 30. The officer need not be certain that the citizen is engaged in criminal activity; reasonable

suspicion "is a less demanding standard than probable cause and requires a showing considerably

less than preponderance of the evidence." Illinois v. Wardlow, 528 U.S. 119, 123 (2000). Thus,

a Terry stop may be conducted simply "on the need to 'check out' a reasonable suspicion."

United States v. Clark, 24 F.3d 299, 303 (D.C. Cir. 1994).

Because such a stop may occur on a reasonable suspicion, whether such suspicion existed

in a particular situation is determined by the totality of the circumstances. Courts may not

scrutinize each possible factor upon which the officer relied on in a separate and distinct manner.

United States v. Sokolow, 490 U.S. 1, 8-9 (1989). "An officer on the beat does not encounter

discrete, hermetically sealed facts," and for that reason, while "a single factor might not itself be

sufficiently probative of wrongdoing to give rise to a reasonable suspicion, the combination of

several factors – especially when viewed through the eyes of an experienced officer – may."

United States v. Edmonds, 240 F.3d 55, 59-60 (D.C. Cir. 2001).

Further, police may lawfully stop a vehicle where they have reasonable suspicion to

believe that a traffic violation has occurred. Pennsylvania v. Mimms, 434 U.S. 106, 111 (1977);

Whren v. United States, 517 U.S. 806, 810 ((1996). "[E]ven a relatively minor [traffic] offense

that would not itself lead to an arrest can provide a basis for a stop for question and inspection of

the driver's permit and registration." United States v. Mitchell, 951 F.2d 1291, 1295 (D.C. Cir.

1991) (internal citations omitted). Once an officer lawfully stops a vehicle for violation of a

traffic regulation, the officer may lawfully order the driver out of the car. Mimms, supra, 434

U.S. at 111; See also Maryland v. Wilson, 519 U.S. 408, 414 (1997) (officers may order driver

and passengers out of vehicle).

In this case, Officer Vasquez' stop of defendant's car was clearly lawful. The officer observed the defendant in blatant violation of two separate traffic offenses. First, the officer observed the defendant driving the wrong way down a one-way street. Second, the officer observed that the defendant was in violation of seatbelt regulations. Although these offenses may be minor traffic violations, the law clearly supports the stop of a vehicle, even for minor traffic violations. Once defendant's car was lawfully stopped by Officer Vasquez, the officer could lawfully ask the defendant for his license and registration. Further, the case law is clear that Officer Vasquez could also order the defendant to step out of the car.

## II. The Officer Had Reasonable Suspicion to Search the Car for Weapons

During a lawful Terry stop, an officer may conduct a protective search of a suspect if the officer has a reasonable fear that the suspect is armed and dangerous. 392 U.S. at 30. To justify such a search, the officer must be able to point to specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the intrusion. Id. at 21. In Michigan v. Long, 463 U.S. 1032, 1049 (1983), the Supreme Court extended the scope of a Terry search beyond the person of a suspect to the area within his immediate control, including the passenger compartment of a vehicle. In that case, the Court recognized that "investigative detentions involving suspects in vehicles are especially fraught with danger to police officers." Id. at 1047. When deciding whether or not a protective car search was valid, the issue is whether a reasonably prudent man in the officer's circumstances would be warranted in the belief that his safety or that of others was in danger. Id. at 1050.

In this case, Officer Vasquez' belief that his safety was in danger was reasonable under

4

the circumstances.  There are several articulable factors which contribute to the reasonableness of

Officer Vasquez' belief.  First, after Vasquez got the defendant's car to stop, the defendant got

out of his car and began to walk toward the officer.  Most people, when pulled over by the police,

stay in their vehicles, and wait for the officer to approach them.  The fact that the defendant got

out of his vehicle provided Officer Vasquez with reason to believe that the defendant may have

had something to hide inside his vehicle.  Second, when the officer asked the defendant if he had

a license, the defendant falsely told him that he did.  However, defendant only had an

identification card.  Third, when the officer asked defendant for registration, defendant handed

the officer a receipt for the car, not a valid registration.  Fourth, as the officer was speaking with

the defendant, the defendant appeared to be nervous, and was sweating profusely.  The

defendant's suspicious behaviors contributed to the officer's believe that the defendant was

possibly hiding a weapon.  Finally, the officer observed the defendant placing his hands near his

waistband area, and toward the center console of the vehicle.  From his experience as a police

officer, Officer Vasquez is familiar with the fact that illegal guns are frequently carried in the

waistband area, and are frequently stored in the center console of vehicles.  Further, all of this

activity occurred late at night, in a high crime area of the city.  Under these circumstances,

Officer Vasquez' belief that the defendant may be armed and dangerous was reasonable, and it

was therefore lawful for him to search the passenger compartment of the car for weapons.

Because the officer's search was lawful, there is no basis for suppression of the evidence.

WHEREFORE, the government respectfully requests that the Court DENY defendant's

Motion to Suppress Evidence.

Respectfully Submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY


_____
TONYA SULIA
ASSISTANT UNITED STATES ATTORNEY
555 4th Street, N.W., Room 4243
Washington, DC 20530
(202) 305-2195    FAX:  (202) 353-9414